UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE B. BLACK,

    Plaintiff,

vs.                              Case No.:

PORTFOLIO RECOVERY ASSOCIATES,
LLC. and POLLACK & ROSEN, P.A.,

    Defendants,

_____/

## COMPLAINT and JURY TRIAL DEMAND

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, LAWRENCE B. BLACK, an individual consumer against the Defendants, PORTFOLIO RECOVERY ASSOCIATES, LLC, a foreign limited liability corporation, and POLLACK & ROSEN, P.A., a Florida corporation (hereinafter collectively referred to as "Defendants"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA") and the State of Florida Consumer Collection Practices Act, Section 559.72, et seq., Florida Statutes (hereinafter referred to as "FCCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices.

### JURISDICTION AND VENUE

2. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides in Polk County, Florida and Defendants do business in this District.

### PARTIES

3. Plaintiff, LAWRENCE BLACK (hereinafter referred to as "Plaintiff" or

"BLACK"), is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

4. Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter referred to as "PORTFOLIO RECOVERY"), is a State of Delaware limited liability company registered in the State of Florida by operating through Portfolio Recovery Associates, Inc. with its principal place of business located at 120 Corporate Boulevard, Norfolk, Virginia 23502, and whose principle business is purchasing and collecting consumer debts and is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and by Section 559.55(6), Florida Statutes..

5. Defendant, POLLACK & ROSEN, P.A., (hereinafter referred to as "POLLACK & ROSEN") is a Florida corporation, engaged in the practice of debt collection, with its principal place of business located at 800 Douglas Road, North Tower Suite 450, Coral Gables, Florida 33134.

6. POLLACK & ROSEN is liable for the actions of its employee JOEL D. LUCOFF, ("LUCOFF").

7. PORTFOLIO RECOVERY is liable for both the actions of POLLACK & ROSEN and LUCOFF.

8. LUCOFF an employee of POLLACK & ROSEN, signed a complaint on behalf of POLLACK & ROSEN which is the subject matter of the instant lawsuit.

9. Defendants regularly use the mail and telephone in a business the principal purpose of which is the collection of consumer debts.

10. Defendants regularly collect or attempt to collect consumer debts from other parties. They are "debt collectors" as that term is defined in the FDCPA and the FCCPA.

11. At all times material to the allegations of this complaint, Defendants were acting as debt collectors with respect to the collection of Plaintiff's alleged consumer debt.

## FACTUAL ALLEGATIONS

12. Defendants sought to collect an alleged consumer debt from Plaintiff arising from a credit card agreement entered into by Plaintiff for personal, family or household purposes. and is a "debt" as that term is defined by 15 U.S.C. §1692a(5) and by Section 559.55(1), Florida Statutes.

13. Defendants filed a state court action in Polk County, Florida against BLACK seeking to collect an alleged debt of $3,111.07 dollars.

14. In the state court action, Plaintiff, through his attorney of record, filed an answer disputing the debt.

15. On or about October 1, 2010, Defendants filed a Notice of Voluntary Dismissal in the state court action.

16. On or about October 7, 2010, Plaintiff, through his attorney, mailed a letter to LUCOFF, advising that Plaintiff continued to dispute the debt and that Plaintiff was still being represented by his attorney of record from the state court action. Plaintiff further advised LUCOFF that no further communications in the form of telephone calls were to be made to Plaintiff's home telephone number. See attached Exhibit "A".

17. On or about October 21, 2010 at approximately 6:29 p.m., a representative of Defendant, PORTFOLIO RECOVERY, telephoned Plaintiff on Plaintiff's home telephone. In this telephone conversation, the representative of Defendant, PORTFOLIO RECOVERY stated that he was attempting to collect a debt which was the same debt that Plaintiff had disputed in the state court action. The representative of Defendant, PORTFOLIO RECOVERY further informed

Plaintiff that he wanted to know what type of payment arrangement that Plaintiff intended to set up to settle the disputed debt. Plaintiff at that point in the conversation informed the representative of Defendant, PORTFOLIO RECOVERY that he was represented by an attorney and provided the attorney's contact information.

18. It is upon information and belief, that as of the date of the last telephone communication from Defendant, PORTFOLIO RECOVERY, Plaintiff has not received any written correspondence from Defendant, PORTFOLIO RECOVERY regarding the collection of the above noted debt.

## COUNT I
## VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

19. Plaintiff incorporates Paragraphs 1 through 18.

20. The telephone call noted herein constitutes a "communication" as defined by 15 U.S.C. §1692a(2).

21. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff.

22. Defendants and their agents violated 15 U.S.C. § 1692g by failing to send Plaintiff, as a consumer, a validation notice within five (5) days of the initial communication.

23. Defendants and their agents violated 15 U.S.C. § 1692c(a)(2) by communicating with Plaintiff, the consumer, after Defendants' knew that Plaintiff was represented by an attorney.

24 Defendants and their agents violated 15 U.S.C. § 1692c(c) by communicating with Plaintiff, the consumer, after Defendants' have been placed on notice in writing that the consumer refuses to pay the debtor and that the consumer wishes the debt collector to cease further communication.

25. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); (2) actual and compensatory damages; and, (3) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendants.

## COUNT II
## VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

26. Plaintiff incorporates Paragraphs 1 through 19.

27. The acts and omissions of Defendants and their agents constitute numerous and multiple violations of the FDCPA with respect to Plaintiff.

28. This direct telephone contact by Defendants with Plaintiff constitutes a "communication" as defined by Section 559.55(5), Florida Statutes.

29. Defendants and their employees and agents violated the State of Florida Consumer Collection Practices Act, Section 559.72(18), Florida Statutes, by willfully communicating with Plaintiff after Defendants knew that Plaintiff was being represented by an attorney with respect to such debt and had knowledge of, or could readily ascertain such attorney's name and address.

30. Defendants and their agents' acts as described above were done with full knowledge and intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

31. As a result of the above violation of the State of Florida Consumer Collection Practices Act, the Defendants are liable to the Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney's fees and costs.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

A. Declaratory judgment that Defendants' conduct violated the FDCPA, and declaratory and injunctive relief for Defendants' violation of the FCCPA;

B. Actual damages;

C. Statutory damages pursuant to 15 U.S.C. § 1692k;

D. Statutory damages pursuant to Section 559.77, Florida Statutes;

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Section 559.77, Florida Statutes;

F. For such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted this 4th day of November 2010.

DICESARE, DAVIDSON, & BARKER, P.A.

_____
HAROLD E. BARKER, ESQUIRE
Florida Bar #0500143
Post Office Box 7160
Lakeland, Florida 33807-7160
Phone (863) 648-5999
Facsimile (863) 648-4755
E-Mail: rbarker@ddblaw.com
Attorney for Plaintiff